IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID HIGGINS, <br> JOHN CALLINAN, & <br> RONAN MURPHY, T/A BERWICK <br> SOLICITORS, LLP <br><br> *Plaintiffs*, <br><br> v. <br><br> HELEN BROOKE MCDONALD, <br><br> *Defendant*. | * <br> * <br> * <br> * <br> *    Civil Action No. RDB-25-1695 <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This case arises from an alleged overpayment of funds related to two parcels of land in Ireland ("Irish Parcels") that decedent Meredith Page Etchison ("Decedent" or "Ms. Etchison") sold during her final year of life. In 2020, Ms. Etchison retained Irish law firm Berwick Solicitors LLP—in which Plaintiffs David Higgins, John Callinan, and Ronan Murphy, trading as Berwick Solicitors, LLP (collectively, "Plaintiffs" or "Berwick") are the only partners—to sell the Irish Parcels. (ECF No. 1 ¶¶ 1, 2, 10.) After the sale of each parcel, Berwick made partial payments to Ms. Etchison's bank account but retained some funds for capital gains tax. (*Id.* ¶¶ 12–17.) On June 5, 2021, after selling both parcels and receiving both partial payments from Berwick, Ms. Etchison died testate in Kentucky. (*Id.* ¶ 18.) She left her Estate to her cousin and personal representative, Defendant Helen Brooke McDonald ("Defendant" or "Ms. McDonald"). (*Id.* ¶ 20.) In September 2021, Berwick paid Ms. Etchison's Estate the full proceeds from the sale of the Irish Parcels without deducting the partial payments already made to Ms. Etchison during her life. (*Id.* ¶¶ 21–22.) As a result,

1

Berwick overpaid Ms. Etchison's Estate by approximately €99,111.67.[1]  (*Id.* ¶¶ 21–22.) Berwick did not discover the overpayment until January 2025, at which point it contacted Ms. McDonald to request that the Estate refund the overpayment. (*Id.* ¶¶ 30–33; *Id.* Ex. 5.) After Ms. McDonald failed to provide the requested refund, Plaintiffs initiated this action by filing in this Court a one-Count Complaint (ECF No. 1) alleging unjust enrichment (Count I) against her. This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332.[2]

Presently pending before this Court is Ms. McDonald's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 12) ("Ms. McDonald's Motion" or "Motion to Dismiss")[3] in which she alleges that Plaintiffs' claim must be dismissed as time barred. Plaintiffs have responded in Opposition (ECF No. 15), and Ms. McDonald has replied (ECF No. 16). With leave of the Court, *see* (ECF No. 18), Plaintiffs have filed a Surreply (ECF No. 19).[4] The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R.

---

[1] €99,111.67 was equivalent to $117,189.63 at the time it was conferred and to $112,164.68 on the day Berwick filed its Complaint. (ECF No. 1 ¶ 38 n.2.) For clarity and consistency, the Court refers to the overpayment amount in euros.

[2] Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which provides federal courts jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1); *see* (ECF No. 1 ¶ 4). In this case, however, Plaintiffs allege that they are citizens of Ireland, "Berwick Solicitors LLP is a law firm[] formed and organized as a limited liability partnership under the laws of Ireland," and Ms. McDonald is a citizen of Maryland. (ECF No. 1 ¶¶ 1–3.) Thus, diversity jurisdiction is proper under 28 U.S.C. § 1332(a)(2), which provides federal jurisdiction of civil disputes where there is more than $75,000 in controversy between "citizens of a State and citizens or subjects of a foreign state . . . ."

[3] As explained further below, this Court treats Ms. McDonald's Motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), rather than as a motion for summary judgment pursuant to Rule 56.

[4] As Judge Boardman of this Court recently noted, "[s]urreplies are 'generally disfavored'" but may be authorized where a movant newly raises an issue in a reply brief. *Keyser v. King*, Civ. No. DLB-23-3030, 2025 WL 2781639, at *7 n.3 (D. Md. Sep. 30, 2025) (quoting *EEOC v. Freeman*, 961 F. Supp. 2d 784, 801 (D. Md. 2013), *aff'd in part on other grounds*, 778 F.3d 463 (4th Cir. 2015)); *see also Courtney-Pope v. Bd. of Educ.*, 304 F. Supp. 3d 480, 485 (D. Md. 2018); Loc. R. 105.2(a) (D. Md. 2025). In this case, Plaintiffs properly sought and were granted leave to file their Surreply. *See* (ECF Nos. 17, 18); Loc. R. 105.2(a) (D. Md. 2025).

105.6 (D. Md. 2025). For the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 12) is DENIED.

## BACKGROUND

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.), Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiffs' Complaint (ECF No. 1) and accepted as true for the purpose of Defendant's Motion to Dismiss (ECF No. 12).

Plaintiffs allege that, in 2020, Berwick acted as solicitor for Meredith Page Etchison ("Ms. Etchison" or "Decedent") in the sale of two parcels of land that she owned in Mausmore, County Clare, Ireland ("Irish Parcels"). (ECF No. 1 ¶ 10.) The first parcel ("Parcel One") sold for €153,000.00. (*Id.* ¶ 11.) On December 14, 2020, following deductions and retention of funds for tax, Berwick paid €99,111.67 from the sale of Parcel One to Ms. Etchison's Central Bank and Trust Account. (*Id.* ¶¶ 12, 16; ECF No. 1 Ex. 1.) With Ms. Etchison's knowledge and consent, Berwick retained €61,552.88 from the proceeds of Parcel One "to address any potential liability for capital gains tax." (ECF No. 1 ¶ 17.) The second parcel ("Parcel Two") sold for €37,000.00, and, on August 10, 2020, Berwick paid €23,430.00, after deductions, from the sale of Parcel Two to Ms. Etchison's Central Bank and Trust Account. (*Id.* ¶¶ 14–15, 16.)

On June 5, 2021, after both Irish Parcels sold and Berwick made both payments to Ms. Etchison's bank account, Ms. Etchison died testate while domiciled in Fayette County, Kentucky. (*Id.* ¶ 18; ECF No. 1 Ex. 2.) In her Last Will and Testament (ECF No. 1 Ex. 2), Ms. Etchison made Defendant Brooke McDonald ("Ms. McDonald" or "Defendant") the sole beneficiary of her Estate. (ECF No. 1 ¶ 19; ECF No. 1 Ex. 2 at 3, Item III.) Ms. McDonald was also appointed personal representative of Ms. Etchison's Estate. (ECF No. 1 ¶ 20); *see also* (ECF No. 1 Ex. 2 at 3 Item IV). In September 2021, Berwick contacted Ms. McDonald about the payment of the proceeds that it had retained from the sale of Parcel One during Ms. Etchison's life. (ECF No. 1 ¶ 21.) On September 15, 2021, it erroneously paid €160,664.55 to Ms. Etchison's Estate,[5] which included an overpayment amount of €99,111.67. (*Id.* ¶ 22; ECF No. 1 Ex. 3.) In short, Berwick alleges that Ms. Etchison received the proceeds from the sale of Parcel One during her lifetime, and her Estate then improperly received some of those proceeds again after her death. (ECF No. 1 ¶ 24.)

Following this alleged overpayment, Berwick underwent a series of audits by private accounting firms and the Law Society of Ireland.[6] (*Id.* ¶¶ 25–28.) In November 2021, accountants D.V. Mannion, Ltd. ("Mannion"), conducted an annual audit of Berwick's books as required under Irish law. (*Id.* ¶ 25.) Although the period audited included December 1,

---

[5] The Complaint alleges that the payment was made to "Ms. McDonald," (ECF No. 1 ¶ 22), and the Berwick bank statement from its account at the Bank of Ireland lists in the transaction details that a payment of €160,642.50 made to "BROOKE MCDONALD DD," (ECF No. 1 Ex. 3). Ms. McDonald argues, however, that the payment was made to Ms. Etchison's Estate, *see* (ECF No. 12-1 at 2), and in a subsequent affidavit submitted with their briefing of Defendant's Motion to Dismiss, Plaintiff Ronan Murphy avers that "Berwick erroneously paid the Estate the €61,552.88 that it had withheld, plus the entirety of the €99,111.67 that it had previously paid Ms. Etchison . . .," (ECF No. 15 Ex. 1 ¶ 11).
[6] According to Berwick, the Law Society of Ireland is "the Irish corollary to the American Bar Association," (ECF No. 15 at 8), and it conducted periodic audits of Berwick in 2022 and 2025. *See, e.g.*, (ECF No. 1 ¶ 27; ECF No. 15 Ex. 1 ¶¶ 13, 15).

4

2020, to November 30, 2021, this audit did not discover the overpayment.  (*Id.*; ECF No. 1 Ex. 4.)  In November 2022, Mannion audited Berwick for the period between December 1, 2021, and November 30, 2022, but the audit again did not reveal the overpayment.  (ECF No. 1 ¶ 26.)  Also in 2022, the Law Society of Ireland conducted a periodic audit of Berwick, but it did not discover the overpayment.  (*Id.* ¶ 27.)  In November 2023 and November 2024, the private accounting firm Keogh Partners ("Keogh") conducted two separate audits of Berwick for the periods between December 1, 2022, to November 30, 2023, and December 1, 2023, to November 30, 2024, respectively.  (*Id.* ¶ 28.)  Neither of these audits uncovered the overpayment.  (*Id.* ¶ 29.)  Finally, in January 2025, the Law Society of Ireland uncovered the overpayment during another periodic audit of Berwick.  (*Id.* ¶ 30.)

By the time Plaintiffs discovered the overpayment, Ms. Etchison's Estate had been settled.  According to documents attached to Defendant's Motion to Dismiss, Ms. McDonald was discharged as executrix of the Estate on June 17, 2022.  (ECF No. 12-2 Ex. 2.)  Nevertheless, upon the discovery of the overpayment in January 2025, Berwick promptly contacted Ms. McDonald via electronic mail to inform her of the error and request that she return the overpayment in the amount of €99,111.67.  (ECF No. 1 ¶¶ 31–32; *Id.* Ex. 5.)  Berwick alleges that Ms. McDonald refused to return the overpayment despite its "repeated written and verbal requests . . . ."  (ECF No. 1 ¶ 33); *see also* (ECF No. 12-2 Ex. 3–Ex. 9 (correspondence between Ms. McDonald, her counsel, and Plaintiffs).)

On May 28, 2025, Berwick initiated this action by filing in this Court a one-Count Complaint alleging unjust enrichment (Count I) against Ms. McDonald.  Specifically, Berwick alleges that it conferred a valuable benefit of €99,111.67—equivalent to $117,189.63 at the

5

time it was conferred and to $112,164.68 on the day Berwick filed its Complaint—on Ms. McDonald but she was not entitled to that benefit.  (ECF No. 1 ¶¶ 35–36, ¶ 38 n.2.)  Plaintiffs allege that Ms. McDonald was aware of, appreciated, and accepted the benefit that Berwick conferred upon her.  (*Id.* ¶ 37.)

Ms. McDonald subsequently filed a Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 12).  In her Motion, she argues that Kentucky law governs this dispute, and, under the applicable, two-year Kentucky statute of limitations, Plaintiffs' claim is time-barred.  (ECF No. 12-1 at 9–13.)  In Opposition (ECF No. 15), Plaintiffs contend that Maryland law controls the limitations period, and their claim is not time-barred under the appropriate, three-year Maryland statute of limitations.  (*Id.* at 5–9.)  In Reply, Ms. McDonald reiterates that Kentucky law governs but newly argues that the applicable Kentucky statute is a statute of repose.[7]  (ECF No. 16 at 2–9.)  With leave of this Court, *see* (ECF No. 18), Plaintiffs filed a Surreply (ECF No. 19) addressing Ms. McDonald's statute of repose argument.  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  This matter is now ripe for review.

---

[7] "Although there is substantial overlap between the policies of [a statute of repose and a statute of limitations], each has a distinct purpose and each is targeted at a different actor."  *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014).  Statutes of limitations "require plaintiffs to pursue 'diligent prosecution of known claims,' . . . [b]ut . . . [s]tatutes of repose effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'"  *Id.* at 8–9 (first quoting BLACK'S LAW DICTIONARY 1576; and then quoting 54 C.J.S. § 7).  Thus, statutes of limitations extinguish the potential plaintiff's right to file a claim—that is, they extinguish the potential plaintiff's remedy for a wrong—while statutes of repose extinguish the substantive cause of action itself.  *See Shadburne-Vinton v. Dalkon Shield Claimants Tr.*, 60 F.3d 1071, 1075 (4th Cir. 1995) (citing *Goad v. Celotex Corp.*, 831 F.2d 508, 510–11 (4th Cir. 1987)).  Unlike statutes of limitations, which limit plaintiffs' procedural path to file a claim, statutes of repose "create[] a substantive right in those protected"—i.e., the class of potential defendants—"to be free from liability after a legislatively-determined period of time."  *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989).  For this reason, statutes of repose often are not subject to equitable tolling, while statutes of limitations may be equitably tolled.  *CTS Corp.*, 573 U.S. at 9–10.

**STANDARD OF REVIEW**[8]

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. "'[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a

---

[8] As explained further below, this Court addresses Ms. McDonald's Motion (ECF No. 12) as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and not as a motion for summary judgment pursuant to Rule 56.

claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

### I. Construction of Defendant's Motion Under Rule 12(b)(6)

As a threshold matter, this Court addresses Ms. McDonald's Motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As Judge Boardman of this Court has explained, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court generally must consider only "the complaint's allegations, documents attached to the complaint, and 'only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice.'" *Leacock v. IonQ, Inc.*, Civ. No. DLB-22-1306, 2023 WL 6308045, at *8 (D. Md. Sep. 28, 2023) (quoting *In re Under Armour Sec. Litig.*, 342 F. Supp. 3d 658, 666–67 (D. Md. 2018)); *accord Just Puppies, Inc. v. Frosh*, 565 F. Supp. 3d 665, 703 (D. Md. 2021). To be part of or "integral to" the complaint, "a document must be one 'that by its very existence, and *not the mere information it contains*, gives rise to the legal rights asserted.'" *Just Puppies*, 565 F. Supp. 3d at 704 (internal quotations omitted) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)). Separately, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts'" that are "not subject to reasonable dispute." *Id.* (quoting *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)); *see* FED. R. EVID. 201. Federal Rule of Evidence 201(b) directs that facts are not subject to reasonable dispute where they are either "(1) generally known

within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

If the court considers matters outside the pleadings beyond these limited exceptions, Federal Rule of Civil Procedure 12(d) requires it to convert the motion to dismiss to a motion for summary judgment. The U.S. Court of Appeals for the Fourth Circuit has repeatedly cautioned that conversion of a motion is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011); *see also Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) ("This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery."); *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (same). The parties to this action have not had the opportunity to conduct discovery, and converting Ms. McDonald's Motion to Dismiss would be premature. *See E.I. du Pont de Nemours & Co.*, 637 F.3d at 448. Accordingly, this Court addresses Ms. McDonald's Motion as a motion to dismiss pursuant to Rule 12(b)(6).

**II.    Defendant's Motion**

In her Motion to Dismiss, Ms. McDonald contends that Plaintiffs' unjust enrichment claim is time-barred under Kentucky Revised Statute § 396.205 ("KRS § 396.205"), which provides that except for fraud, "no cause of action . . . shall be brought against the personal representative or against any distributee after the expiration of two (2) years from the date of the order of discharge of the personal representative." (ECF No. 12-1 at 11–12.) In Opposition, Plaintiffs argue that adjudication of a statute of limitations defense is premature at the pleading stage and, even assuming such adjudication is appropriate, KRS § 396.205 is

9

inapplicable in this case because their claim is governed by the applicable Maryland statute of limitations. *See* (ECF No. 15 at 7; ECF No. 19). In Reply, Ms. McDonald newly argues that KRS § 396.205 is a statute of repose such that it governs this case and Plaintiffs' claim is time-barred. *See generally* (ECF No. 16). As explained further below, regardless of the applicability of KRS § 396.205, dismissal at the pleading stage based on an affirmative defense is inappropriate in this case.

Ms. McDonald's assertion that Plaintiffs' claim must be dismissed as time-barred ultimately rests on choice of law principles. "[A] federal court sitting in diversity applies federal procedural rules and state substantive rules." *Moreno v. Bosholm*, 151 F.4th 543, 559–60 (4th Cir. 2025) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Choice of law rules are considered substantive such that federal courts sitting in diversity apply the choice-of-law rules of the state in which they sit. *Howard Bank v. Campu-Link Corp.*, 472 F. Supp. 3d 267, 273 (D. Md. 2020) (collecting cases); *Small v. WellDyne, Inc.*, 927 F.3d 169, 173 n.3 (4th Cir. 2019); *see also Sokolowski v. Flanzer*, 769 F.2d 975, 978 (4th Cir. 1985) ("In determining whether a law is substantive or procedural, the federal district court accepts the characterization placed on the involved rule by the state court." (citing *Pres. & Dirs. Of Georgetown Coll. v. Madden*, 505 F. Supp. 557, 571 (D. Md. 1980)). Where, as here, a court sitting in diversity faces a dispute as to the applicable state law, it must "apply the forum state's choice-of-law rules to determine the controlling substantive law." *Koppers Performance Chems., Inc. v. Argonaut-Midwest Ins. Co.*, 105 F.4th 635, 640 n.4 (4th Cir. 2024) (citing *Am. Online, Inv. v. St. Paul Mercury Ins. Co.*, 347 F.3d 89, 92 (4th Cir. 2003)). In this case, both parties agree that Maryland's choice of law rules

govern, but they dispute whether such rules require application of Kentucky or Maryland statutes defining the amount of time that Plaintiffs had to raise their claim.

"In a contract claim, including one for unjust enrichment, Maryland courts follow the rule of *lex loci contractus*, applying the substantive law of the state where the contract was formed, unless there is a choice-of-law provision in the contract." *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 554–55 (D. Md. 2019) (collecting cases). In this case, both parties agree that Decedent created her Last Will and Testament in Kentucky such that Kentucky substantive law governs this dispute. *See, e.g.*, (ECF No. 19 at 1–2; ECF No. 12-1 at 9–10). Crucially, however, "Maryland choice of law principles direct that 'procedural matters are governed by Maryland law.'"[9] *Johnson-Howard v. AECOM Special Missions Servs., Inc.*, 434 F. Supp. 3d 359, 371 (D. Md. 2020) (quoting *Gregoriou v. Explosives Experts, Inc.*, Civ. No. CCB-08-0384, 2008 WL 3989183, at *2 (D. Md. Aug. 25, 2008)). Accordingly, KRS § 396.205 applies to this matter only if it constitutes substantive law under Maryland's choice of law rules. "Thus, the characterization which a Maryland court would give [KRS § 396.205], *i.e.*, substantive or procedural, is binding upon this Court" and

---

[9] Importantly, and notwithstanding the overlapping terms, whether law is substantive or procedural under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), is distinct from whether law is substantive or procedural under a state's choice-of-law rules. *See, e.g.*, *Thornton v. Cessna Aircraft Co.*, 886 F.2d 85, 87 (4th Cir. 1989) (explaining that a federal court sitting in diversity applies the forum state's substantive law, including that state's choice-of-law principles, and holding that under the South Carolina's choice of law principles a Tennessee statute was substantive such that it governed the claims at issue). As explained above, choice-of-law is substantive for the purposes of the *Erie* doctrine such that the determination of which state's law applies to a given diversity action is governed by the choice-of-law principles of the state in which a federal court sits. *Howard Bank v. Campu-Link Corp.*, 472 F. Supp. 3d 267, 273 (D. Md. 2020) (collecting Fourth Circuit cases); *Small v. WellDyne, Inc.*, 927 F.3d 169, 173 n.3 (4th Cir. 2019). If choice-of-law principles indicate that a given law is procedural, rather than substantive, then the federal court must apply those laws as directed under the choice-of-law rules of the state in which it sits. *See Thornton*, 886 F.2d at 87. Under Maryland choice-of-law rules, courts must apply Maryland procedural law and the substantive law of the state in which the contract was formed. *Johnson-Howard v. AECOM Special Missions Servs., Inc.*, 434 F. Supp. 3d 359, 371 (D. Md. 2020).

determinative as to whether KRS § 396.205 renders Plaintiffs' claim untimely. *Pottratz v. Davis*, 588 F. Supp. 949, 952 (D. Md. 1984) (citing *Madden*, 505 F. Supp. at 571); *see also* (ECF No. 12-1 at 9–10; ECF No. 15 at 5).

As this Court has repeatedly recognized, Maryland choice-of-law principles treat statutes of limitations as procedural rules such that Maryland statutes of limitations apply even where claims are governed by another state's substantive laws. *See, e.g.*, *Sherwin-Williams Co. v. ARTRA Grp., Inc.*, 125 F. Supp. 2d 739, 756 (D. Md. 2001) ("The Maryland courts have followed the general rule that the statute of limitations of the forum state applies even when that state's choice of law rules require that another state's substantive law be applied." (citing *Morley v. Cohen*, 610 F. Supp. 798, 827 (D. Md. 1985))); *JTH Tax LLC v. Irving*, 654 F. Supp. 3d 501, 508 (D. Md. 2023) (applying Virginia substantive law but Maryland statute of limitations to claims arising from promissory note); *Akinmeji v. Jos. A. Bank Clothiers, Inc.*, 399 F. Supp. 3d 466, 472 (D. Md. 2019) ("Maryland courts almost universally view issues pertaining to the statute of limitations as procedural, not substantive."). Conversely, Maryland choice-of-law principles treat statutes of repose as substantive law. *See Pottratz*, 588 F. Supp. at 952–53 (explaining that Maryland choice-of-law principles support determination that Oregon statute of repose was substantive law that controlled dispute); *see also First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 865–66 (4th Cir. 1989) (explaining statutes of repose affect substantive rights). Accordingly, determination of whether § 396.205 is applicable substantive law or inapplicable procedural law depends on whether it is properly viewed as a statute of repose or as a statute of limitations under Maryland law.

Even assuming, without deciding, that KRS § 396.205 applies in this case, however, the record at this pleading stage does not contain sufficient facts to determine that Plaintiff's claim is time-barred. As explained above, to consider matters outside the pleadings without converting a motion under Rule 12(b)(6), a court must determine that the relevant document is incorporated by reference in the plaintiff's complaint, meaning that (1) it is either referenced in or integral to the complaint, and (2) the parties do not dispute its authenticity, *Gaines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (collecting cases). Thus, a court may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment "so long as [the documents] are integral to the complaint and authentic." *Sec. of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006)). "To be 'integral,' a document must be one 'that by its very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 623 (D. Md. 2017) (emphasis added) (internal quotations omitted) (quoting *Chesapeake Bay Found.*, 794 F. Supp. 2d at 611); *accord Faulkenberry v. U.S. Dep't of Def.*, 670 F. Supp. 3d 234, 249 (D. Md. 2023). A court may also consider documents of which it may take judicial notice, *see U.S. ex rel. Oberg v. Pennsylvania Higher Education Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014), including state probate documents.[10] If a court "considers relevant facts from the public

---

[10] Even at the pleading stage, courts "may properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)); *see also Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997) (collecting cases from Second, Third, Fifth, Seventh, Ninth, and D.C. Circuits). District courts, including those within the Fourth Circuit, have taken judicial notice of state probate filings. *See, e.g., Sullivan v. McGill & Hassan, PA*, 2019 WL 8918903, at *3 n.3 (E.D. Va. Sep. 30, 2019) (noting authority to take judicial notice of "matters of public record such as state and probate documents"); *Donnelly v. Misiti*, 2019 WL 7938321, at *1 n.1 (D.S.C. Dec. 6, 2019); *Johnston v. Dexel*, 373 F. Supp. 3d 764, 785 (S.D. Tex. 2019); *Wolfram v. Wolfram*, 78 F. Supp. 3d 758, 762

record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs." *Zak*, 780 F.3d at 607.

Significantly, however, the Fourth Circuit has suggested that the realm of information a court may consider narrows when a Rule 12(b)(6) motion raises an affirmative defense:

> It is not obvious . . . that incorporation by reference is appropriate in this context given our holding in *Goodman* that a district court may consider only "*the face of the complaint*." Nor should "judicial notice" be used as an expedient for courts to consider "matters beyond the pleadings" and thereby upset the procedural rights of litigants to present evidence on disputed matters.

*Waugh Chapel S., LLC v. United Food & Com. Workers Union Local 27*, 728 F.3d 354, 360 (4th Cir. 2013) (internal citations omitted) (first quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); and then quoting *Greater Balt. Ctr. For Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 271 (4th Cir. 2013) (en banc)). Rather, a court may only address "the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred . . . in the relatively rare circumstances where . . . all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

Indeed, both this Court and the Fourth Circuit have framed consideration of affirmative defenses at the 12(b)(6) stage as a narrow exception applicable only where the facts necessary to the defense are alleged in the complaint. *See, e.g.*, *Harden v. Budget Rent A Car Sys., Inc.*, 726 F. Supp. 3d 415, 427 (D. Md. 2024) ("A court ordinarily does not consider an affirmative defense, such as the statute of limitations, when a motion is filed pursuant to Rule

---

n.2 (N.D. Ill. 2015) (taking judicial notice, upon defendant's motion, of state probate court's order of discharge attached to motion to dismiss).

12(b)(6)." (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *Just Puppies, Inc. v. Frosh*, 565 F. Supp. 3d 665, 703 (D. Md. 2021); *see also Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009) ("'[W]here facts sufficient to rule on an affirmative defense'—including 'the defense that the plaintiff's claim is time-barred'—'are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." (quoting *Goodman*, 494 F.3d at 464)); *Blenheim Cap. Holdings Ltd. v. Lockheed Martin Corp.*, 53 F.4th 286, 298 (4th Cir. 2022) ("Therefore, the limitations defense cannot usually be addressed on a motion to dismiss under Rule 12(b)(6), which challenges only the *legal sufficiency of the complaint*, not usually affirmative defenses that the defendant can assert to the complaint."). Moreover, "to succeed in these rare circumstances" where consideration of an affirmative defense is appropriate on a motion to dismiss under Rule 12(b)(6), "the defendant must show 'that the plaintiff's potential [response] to the affirmative defense was foreclosed by the allegations in the complaint.'" *L.N.P. v. Kijakazi*, 64 F.4th 577, 586 (4th Cir. 2023) (quoting *Goodman*, 494 F.3d at 466).

Notwithstanding the Fourth Circuit's language suggesting that judicial notice and incorporation by reference may be inappropriate where motions to dismiss raise affirmative defenses, *see Waugh Chapel South*, 728 F.3d at 360, this Court has sometimes considered documents via judicial notice when addressing affirmative defenses at the pleading stage. *See, e.g.*, *Lacks v. Ultragenyx Pharm., Inc.*, 734 F. Supp. 3d 397, 410–11 (D. Md. 2024) (denying motion to dismiss based on limitations defense but taking judicial notice of facts relevant to limitations defense); *Ryman v. First Mortg. Corp.*, 443 F. Supp. 3d 642, 647 (D. Md. 2020) (taking judicial notice of "public court filings in related matters" in this Court and granting motion to dismiss

15

based on statute of repose defense). Where there existed some dispute as to the trigger for a defense that a claim is time-barred or as to the applicability of a specific statute, however, this Court and others within the Fourth Circuit generally have declined to address affirmative defenses raised in a Rule 12(b)(6) motion. *See, e.g.*, *Hencin v. Avant Diagnostics, Inc.*, Civ. No. GJH-19-2546, 2020 WL 5526582, at *7–8 (D. Md. Sep. 14, 2020) (denying motion to dismiss with respect to statute of limitations defense because necessary facts did not appear in Complaint or the incorporated documents); *Al Jazeera Int'l v. Dow Lohnes PLLC*, Civ. No. DKC-13-2769, 2014 WL 4373464, at *5 n.5 (D. Md. Sep. 2, 2014) (deeming statute of limitations defense premature at Rule 12(b)(6) stage where there existed some dispute as to "when the limitations period begins to run"); *Withers v. BMW of N. Am., LLC*, 560 F. Supp. 3d 1010, 1018–19 (W.D.N.C. 2021) (denying motion to dismiss based on limitations defense where necessary facts did not appear on face of complaint).

Consideration of Ms. McDonald's affirmative defense that Plaintiffs' claim is time-barred in this case, therefore, depends on whether the facts necessary to that defense are clearly apparent on the face of Plaintiffs' Complaint. *See, e.g.*, *Goodman*, 494 F.3d at 464. As explained above, KRS § 396.205 provides that, except for fraud, "no cause of action . . . shall be brought against the personal representative or against any distributee after the expiration of two (2) years from the date of the order of discharge of the personal representative." The parties dispute whether KRS § 396.205 is substantive law that applies to this case under Maryland's choice of law rules. Even assuming, without deciding, that KRS § 396.205 applies to this action, however, its particular application depends on the date of Ms. McDonald's discharge as personal representative, which is not alleged in the Complaint.

16

Plaintiffs allege that they became aware of the overpayment and contacted Ms. McDonald for a refund in January 2025. (ECF No. 1 ¶ 30; *Id.* Ex. 5.) They then initiated this action by filing a Complaint in this Court on May 28, 2025. *See generally* (ECF No. 1). Notably, the Complaint does not allege the date of Ms. McDonald's discharge as personal representative, which appears in the record only because Ms. McDonald has attached to her Motion to Dismiss "a true and correct copy of the Order of Discharge for the Estate, dated June 17, 2022, issued by the Fayette District Court, Probate Division, in the Commonwealth of Kentucky." *See* (ECF No. 12-2 ¶ 4; ECF No. 12-2 Ex. 2). Plaintiffs neither dispute that Ms. McDonald was discharged as personal representative on June 17, 2022, nor overtly challenge the authenticity of the discharge order. They argue, however, that KRS § 396.205 does not apply to this action and, even if it did, their claim would fall within the statute's exception for fraud. *See generally* (ECF No. 15; ECF No. 19). In short, even assuming without deciding that KRS § 396.205 applies to this matter, the critical fact necessary to Ms. McDonald's affirmative defense—that is, the date of her discharge as personal representative—does not "clearly appear[] *on the face of the complaint.*" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250); *see also Kijakazi*, 64 F.4th at 586.

As explained above, although this Court can take judicial notice of the discharge order as a state court document,[11] *see, e.g.*, *Sullivan v. McGill & Hassan, PA*, 2019 WL 8918903, at *3 n.3 (E.D. Va. Sep. 30, 2019), application of judicial notice to adjudicate affirmative defenses

---

[11] The Court cannot consider the discharge order as a document integral to or incorporated by reference in the Complaint. First, it is not referenced in the Complaint. Second, as explained above, a document is not integral to the complaint unless it "by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 623 (D. Md. 2017) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)). The state probate court's discharge order does not give rise to the legal rights asserted in Plaintiffs' Complaint.

17

such as that raised in this case is disfavored on a motion to dismiss under Rule 12(b)(6). *See Goodman*, 494 F.3d at 464 ("But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense *are alleged in the complaint*, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." (emphasis added)); *Waugh Chapel S.*, 728 F.3d at 360 (disapproving application of judicial notice to reach matters outside pleadings and adjudicate affirmative defense); *see also Johnson v. Balt. Police Dep't*, 452 F. Supp. 3d 283, 311–12 (D. Md. 2020) (explaining courts do not generally resolve applicability of defenses at pleading stage (citing *Edwards*, 178 F.3d at 243–44)); *Harden*, 726 F. Supp. 3d at 428 (exercising discretion to consider limitations defense only because, "consistent with *Goodman*," all facts necessary to defense appeared on the face of the complaint). Such caution reflects the general rule that plaintiffs are not required to plead facts sufficient to survive an affirmative defense. *Goodman*, 494 F.3d at 466; *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 959 (D. Md. 2019). Moreover, in this case, the parties heavily dispute the applicability of KRS § 396.205 based on both Maryland choice of law rules and Plaintiffs' assertion of some fraud. *See Edwards*, 178 F.3d at 243 ("[A] Rule 12(b)(6) motion[] does not resolve contests surrounding the acts, the merits of a claim, *or the applicability of defenses*." (emphasis added) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992))). Accordingly, this Court declines at this pleading stage to take judicial notice of the date of Ms. McDonald's discharge as personal representative to adjudicate her affirmative defense that Plaintiffs' claim is time-barred.[12] *See Waugh Chapel*

---

[12] Under Federal Rule of Evidence 201(c), a court "(1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Ms. McDonald has not requested that the Court take judicial notice of the state probate filing in this case. Accordingly, the Court has discretion to take judicial notice on its own but declines to do so for the reasons discussed above.

18

*S.*, 728 F.3d at 360 ("Nor should 'judicial notice' be used as an expedient for courts to consider 'matters beyond the pleadings' and thereby upset the procedural rights of litigants to present evidence on disputed matters.'" (quoting *Greater Balt. Ctr. For Pregnancy Concerns*, 721 F.3d at 271)).

The facts required to determine whether Plaintiffs' claim is time-barred under KRS § 396.205 do not "clearly appear on the face of the complaint" because the Complaint does not contain the date of Ms. McDonald's discharge. *Ryman*, 443 F. Supp. 3d at 650 n.3 (quoting *Goodman*, 494 F.3d at 464). At the Rule 12(b)(6) stage, Plaintiffs are not required to plead facts sufficient for their claim to survive an affirmative defense. *See Kijakazi*, 64 F.4th at 585. Consistent with this Court's prior opinions and Fourth Circuit guidance regarding adjudication of affirmative defenses raised in a Rule 12(b)(6) motion, therefore, adjudication of any statute of limitations or repose defense based on KRS § 396.205 is premature at this pleading stage. The parties may litigate Ms. McDonald's affirmative defense as this case progresses. Accordingly, Ms. McDonald's Motion to Dismiss (ECF No. 12) must be DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 12) is DENIED. Defendant shall file her Answer within fourteen (14) days of the date of this Memorandum Opinion and accompanying Order (i.e., on or before January 29, 2026).

A separate Order follows.

Date: January 15, 2026

/s/
Richard D. Bennett
United States Senior District Judge